| United States District Court | DISTRICT<br>Eastern District of Pennsylvania |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KASEEM CLARK | DOCKET NO.<br><br>MAGISTRATE'S CASE NO.<br>14-490-M |

Complaint for violations of Title 21 United States Code §§ 846 and 841(a)(1), (b)(1)(C)

| NAME OF JUDGE OR MAGISTRATE<br>HONORABLE THOMAS J. RUETER | OFFICIAL TITLE<br>U.S. Magistrate Judge | LOCATION<br>Philadelphia, PA |
|---|---|---|
| DATE OF OFFENSE<br>May 12, 2014 | PLACE OF OFFENSE<br>Philadelphia, PA | ADDRESS OF ACCUSED (if known)<br>1427 Alcott Street<br>Philadelphia, PA |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

On or about May 12, 2014, in Philadelphia, in the Eastern District of Pennsylvania, defendant KASEEM CLARK knowingly and intentionally attempted to possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C), in violation of Title 21, United States Code, Section 846.

MATERIAL WITNESSES IN RELATION AGAINST THE ACCUSED:

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT (official title)<br><br>OFFICIAL TITLE<br>Jeffrey R. Kuc, Special Agent<br>Homeland Security Investigations, DOJ |
|---|---|
| Sworn to before me and subscribed in my presence.<br>SIGNATURE OF MAGISTRATE<br>HONORABLE M. FAITH ANGELL, United States Magistrate Judge | DATE<br>5/13/14 |

See Federal Rules of Criminal Procedure rules 3 and 54.

## AFFIDAVIT IN SUPPORT OF ARREST WARRANT

I, Jeffrey R. Kuc, being duly sworn, state the following:

1. I am a Special Agent with Homeland Security Investigations (HSI), Department of Homeland Security (DHS). HSI is the primary investigative arm of DHS. During the past (6) six years, I have conducted numerous investigations into violations of U.S. Customs law and U.S. Immigration law. I am currently assigned to the Contraband Smuggling Group of the HSI Office of the Special Agent in Charge, Philadelphia, Pennsylvania. I along with other agents and police officers I work with am familiar with the methods of drug organizations and their operations, the terminology used and the scope of their influence.

2. The information contained in this affidavit is based on my personal observations, my training and experience, and information provided by other law enforcement officers and/or agents. This affidavit sets forth only those material facts that I believe are necessary to establish probable cause for the crimes charge in the complaint and warrant. It does not include each and every fact of this investigation.

3. I have probable cause to believe that Kaseem CLARK has committed, within this District, violations of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C) (attempted possession with the intent to distribute a mixture and substance containing a detectable amount of cocaine).

4. In January of 2014, HSI Philadelphia learned from various sources that Kaseem CLARK was selling heroin and cocaine in the Eastern District of Pennsylvania (EDPA) and in other jurisdictions to include West Virginia. It was also determined that Kaseem CLARK is currently serving a term of Federal Supervised Release for narcotics distribution charges.

5. Between January, 2014 and May, 2014, HSI learned from various sources that Kaseem CLARK was selling and purchasing heroin and cocaine in Philadelphia, Pennsylvania.

6. On May 9, 2014, acting at the direction of HSI Special Agents, a Confidential Source (CS) placed a consensual monitored and recorded telephone call to CLARK. During this conversation, the CS told CLARK that he/she was breaking a kilogram of cocaine into smaller quantites and that it would be ready Monday, May 12, 2014. CLARK and the CS agreed to meet Monday for the purpose of providing cocaine to CLARK.

7. On May 12, 2014, the CS placed a consensual monitored and recorded telephone call to CLARK. During this conversation, CLARK told the CS that he was out of cocaine and heroin and needed more. CLARK and the CS agreed that an

        associate of the CS would drop two (2) to four and a half (4.5) ounces of cocaine or as much as the associate would be willing to front to CLARK. The CS told CLARK that he/she would text CLARK the phone number of the associate so that CLARK could set up the meeting.

8. Later on May 12, 2014, acting at the direction of HSI Special Agents, the CS placed a consensual monitored and recorded telephone call to CLARK. During this conversation, the CS and CLARK agreed that CLARK would provide the CS's associate with $1000.00 in exchange for four and a half (4.5) ounces of cocaine. CLARK agreed he would pay what he could and could pay the balance owed very soon after he sold the cocaine. It was further agreed that the CS would text CLARK the number for the associate dropping off the cocaine.

9. On May 12, 2014, acting at the direction of HSI Special Agents, the CS sent a text message to CLARK providing the associates phone number. This phone number is for an HSI Undercover Agent (UCA). CLARK responded via text message asking the CS to vouch for him to the guy selling the cocaine and vouch for CLARK's ability to sell the drugs and get the money. The CS via text replied that he/she would vouch for CLARK and requested that CLARK have at least $500.00 for the upcoming deal as a show of good faith. CLARK replied via text message with an affirmative.

10. On May 12, 2014, an HSI UCA placed a consensual monitored and recorded telephone call to CLARK. During this conversation, the UCA told CLARK that he/she would bring the cocaine to the corner of Harbison Street and Levick Street, Philadelphia, Pennsylvania.

11. Later on May 12, 2014, the UCA was provided with approximately five (5) ounces of "sham cocaine." At approximately 3:00 pm on May 12, 2014, the UC met with GRIMES at the corner of Harbison and Levick Streets, Philadelphia, Pennsylvania. During this recorded meeting, the UCA delivered the approximately five (5) ounces of "sham cocaine" to CLARK. CLARK then went into his home and came back out, giving a wad of cash to the UCA. Agents then attempted to arrest CLARK. CLARK fled down the block and into a house. CLARK was eventually arrested by agents when CLARK fled from the rear of a house into which he had fled. CLARK was then taken into custody and the sham cocaine he had purchased was recovered.

12. Based on all the facts set forth in this affidavit, I submit that there is probable cause to believe that violations of 21 U.S.C. § 841(a)(1), (b)(1)(C) (attempt to possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine) were committed by Kaseem CLARK on May 12, 2014, in the Eastern District of Pennsylvania.

Jeffrey R. Kuc
Special Agent
Homeland Security Investigations

Sworn and Subscribed before me
this ___13___ of May, 2014

HONORABLE M. FAITH ANGELL
*United States Magistrate Judge*