**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 14-282-1 |
| | : | |
| KASEEM CLARK | : | CIVIL NO. 15-4833 |
| | : | |
| | : | |

**Goldberg, J.**                                                                    **March 31, 2016**

**<u>MEMORANDUM OPINION</u>**

Before the Court is the <u>pro</u> <u>se</u> motion of Kaseem Clark (hereinafter referred to as "Petitioner") to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  In his motion, Petitioner asserts that constitutionally ineffective assistance of counsel during plea negotiations and at sentencing entitles him to relief.  For the reasons set out below, I will deny the motion.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On June 4, 2014, Petitioner was indicted for possession with the intent to distribute cocaine, heroin, and cocaine base ("crack") (21 U.S.C. §§ 841(a)(1), (b)(1)(C)) (Count I); possession with the intent to distribute cocaine, heroin, and cocaine base ("crack") in a school zone (21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 860) (Count II); attempted possession with the intent to distribute cocaine, heroin, and cocaine base ("crack") (21 U.S.C. §§ 841(a)(1), (b)(1)(C)) (Count III); and attempted possession with the intent to distribute cocaine, heroin, and cocaine base ("crack") in a school zone (21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 860) (Count IV).  On July 31, 2014, Petitioner pled guilty to Counts II and IV (the school zone counts) of the indictment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which "permits the parties to 'agree that a specific sentence or sentencing range is the appropriate disposition of the case,' and 'binds

1

the court [to the agreed-upon sentence] once [it] accepts the plea agreement.'"   Freeman v. United States, 131 S.Ct. 2685, 2687 (2011) (quoting Fed. R. Crim. P. 11(c)(1)(C)) (alterations in original).   Counts I and III were later dismissed on the Government's motion.   At the plea hearing, the prosecutor set forth the following description of events:

> [T]he facts that led to the Defendant's arrest [on May 13, 2014] evolved from his supplier who was being investigated for his importation of kilograms of cocaine from Jamaica. [The supplier] was arrested and in turn it was determined that Mr. Clark was one of the people who bought full quantities of cocaine in ounce amounts to then resale. And there was a sting set up essentially by that person who made a series of recorded phone calls to the Defendant where it was clear the Defendant was seeking to obtain distribution quantities of cocaine. And undercover then acted and provided those sham five ounces of cocaine to the Defendant. When the Defendant came out to pay for them, he gave the agent the money and then when agents moved in to arrest, he ran. He was apprehended and he did give consent to retrieve that sham cocaine from his home as well as to search [] his room . . . [I]n his room was found small amounts of crack for distribution quantities, heroin for distribution quantities and [an] array of other drugs. The phone was also taken which shows there were a number of texts which made it very clear he was, in fact, distributing small amounts of those drugs in his neighborhood. [Furthermore], his home is within a thousand feet of a school and school was letting out [] when this drug deal transpired.

(N.T. 07/31/14 at 27-28.)

Based upon an offense level of 31 and a criminal history category of VI, the guideline imprisonment range was 188 months to 235 months.[1]   In addition, because Petitioner committed the instant offense while on supervised release for a 2008 federal conviction for possession with intent to deliver five grams or more of cocaine base, he was subject to further penalties for the violation of supervised release. (Criminal No. 13-347.)   Pursuant to the written plea agreement, the Government recommended that 188 months imprisonment on each of the two counts, 24

---

[1] These calculations were based on the presentence investigation report, to which neither party objected.

months on the violation of supervised release, all to run concurrent, with 12 years of supervised

release, was the appropriate disposition of this case.  After a sentencing hearing on September 9,

2014, I imposed the recommended sentence.

On August 26, 2015, Petitioner filed this § 2255 motion.  The Government has filed a

response[2] and this matter is ready for disposition.

## II.   DISCUSSION

28 U.S.C. § 2255 allows "[a] prisoner in custody under sentence of a court established by

Act of Congress claiming the right to be released upon the ground that the sentence was imposed

in violation of the Constitution . . . [to] move the court which imposed the sentence to vacate, set

aside, or correct the sentence."[3]   28 U.S.C. § 2255(a).  Petitioner alleges that counsel was

constitutionally ineffective for failing to argue that a downward departure was warranted on the

basis that his classification as a career offender under the sentencing guidelines overstates the

seriousness of his prior conduct and his potential for recidivism.[4]

---

[2] The Government styles its response to Petitioner's § 2255 motion as a "Motion to Dismiss." (Doc. no. 40.)  This is because it contends that some of Petitioner's arguments are waived because of an appellate waiver which was incorporated into the plea agreement.  I have however construed Petitioner's arguments as relating to the alleged ineffective assistance of counsel, which is a subject that falls outside of the scope of the appellate waiver.

[3] A § 2255 motion must be filed within one year from "the date on which the conviction becomes final."  28 U.S.C. § 2255 (f)(1).  The Government does not dispute that Petitioner's motion is timely.

[4] In his motion, Petitioner characterizes his argument that "counsel fail[ed] to conduct an adequate investigation into the factual circumstances of priors during pre-[trial] proceeding" as a separate claim.  (Motion at 6.)  Because this argument is intertwined with the question of whether counsel should have argued for a downward departure on the basis that Petitioner's criminal history overstated the seriousness of his prior crimes, I need not address it separately.

In addition, and without providing any further context or argument, Petitioner presents as a separate claim "[t]he new ruling on Johnson."  (Id. at 9.)  I have already addressed this claim in my October 16, 2015 denial of Petitioner's motion to stay this § 2255 motion.  (Doc. no. 42.) There, I explained that because Petitioner was found to be a career offender based on having

### A.    Legal Standard for Ineffective Assistance of Counsel

The Supreme Court's standard for claims of ineffective assistance of counsel in violation of the Sixth Amendment is set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and has been reaffirmed consistently since.  According to <u>Strickland</u>, counsel is presumed to have acted effectively unless the petitioner can demonstrate both that (1) "counsel's representation fell below an objective standard of reasonableness" and that (2) there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 686-88, 693-94.  In assessing whether counsel performed deficiently, the court must "'reconstruct the circumstances of counsel's challenged conduct' and 'evaluate the conduct from counsel's perspective at the time.'"  <u>Harrington v. Richter</u>, 131 S.Ct. 770, 779 (2011) (quoting <u>Strickland</u>, 466 U.S. at 689).

### B.    Counsel's Representation During Plea Negotiations and Sentencing

Petitioner alleges that counsel was constitutionally ineffective for failing to argue that a downward departure was warranted under §4A1.3(b)(1) of the Sentencing Guidelines.  (Motion at 7.)  Titled "Departures Based on Inadequacy of Criminal History Category," USSG §4A1.3(b)(1) directs that "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted."

Petitioner entered into a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) which, as stated above, "permits the parties to 'agree that a specific sentence or sentencing range is the appropriate disposition of the case,' and 'binds the court [to the agreed-

---

three convictions for "controlled substance offenses," the Supreme Court's recent ruling in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), which invalidated the Armed Career Criminal Act's definition of a "violent felony," has no impact on this motion.

upon sentence] once [it] accepts the plea agreement.'" Freeman, 131 S.Ct. at 2687 (quoting Fed. R. Crim. P. 11(c)(1)(C)) (alterations in original).  Therefore, because of the mandatory nature of the 11(c)(1)(C) plea, at the sentencing hearing – where motions for downward departure are properly heard – counsel was precluded from making any arguments that Petitioner warranted a downward departure.   Accordingly, and mindful that Petitioner's *pro se* motion must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)),  the question which Petitioner's argument raises is more properly framed as whether counsel was ineffective for failing to advise him to enter into an open guilty plea and present argument that a downward departure was warranted because Petitioner's criminal history category substantially over-represented the seriousness of his criminal history.[5]  In this regard, I note that it is well-established that the "Sixth Amendment right to counsel [] extends to the plea-bargaining process," and that the "the two-part Strickland [] test applies to challenges to guilty pleas based on ineffective assistance of counsel."   Lafler v. Cooper, 132 S.Ct. 1376, 1384 (2012) (citing Supreme Court precedent) (quotations omitted).

With respect to his criminal history, Petitioner has three prior adult convictions.  On October 14, 2005, Petitioner pled guilty to the misdemeanor offense of simple possession of marijuana in the Berkeley County Magistrate Court in Martinsburg, West Virginia, and was sentenced to six months in jail.  On January 15, 2009, Petitioner pled guilty to carrying a firearm without a license and manufacture, delivery, and/or possession with intent to manufacture or deliver a controlled substance in the Philadelphia County Court of Common Pleas and was sentenced to 3.5 to 7 years imprisonment.  On April 9, 2008, Petitioner pled guilty to possession

---

[5] In construing his claim as liberally as possible, I note that Petitioner does not contend that he would have gone to trial, nor does he make any overtures that he was actually innocent of the crimes to which he pled guilty.

with intent to deliver five grams or more of cocaine base in the U.S. District Court for the Southern District of West Virginia and was sentenced to 72 months imprisonment and five years of supervised release.  Petitioner was released from federal prison on March 4, 2013, and was on supervised release when he was arrested for the instant offense on May 13, 2014.  (See PSR at 10-11.)

Under the sentencing guidelines, Petitioner's Pennsylvania conviction and his West Virginia federal conviction constitute "controlled substance offense[s]."  See USSG §4B1.2(b) ("The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits . . . the possession of a controlled substance [] with intent to manfacture, [] [or] distribute [].")  With this definition in mind, the instant offenses (attempted possession and possession with intent to distribute cocaine base) are also considered "controlled substance offense[s]."  Accordingly, for purposes of the guidelines, Petitioner is considered to be a career offender.  See USSG § 4B1.1(a) ("A defendant is a career offender if . . . the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and [] the defendant has at least two prior felony convictions of either crime of violence or  a controlled substance offense.") (emphasis added).

As a career offender, Petitioner automatically falls into a criminal history category of VI.  Based upon an offense level of 31, Petitioner's guideline range was 188-235 months imprisonment.  In addition, because Petitioner committed the instant offense while on supervised release, he also faced additional penalties for having violated his supervised release.

Taking the above into consideration, counsel's negotiation for an 11(c)(1)(C) plea for an agreed-upon sentence of 188 months imprisonment on each of the two counts, plus 24 months imprisonment on the violation of supervised release, all to run concurrent, was eminently

6

reasonable within the meaning of <u>Strickland</u>.  Not only did the agreed-upon sentence ensure that Petitioner was sentenced at the lowest end of the guideline range, but it also guaranteed that his sentence for the violation of supervised release ran concurrent as opposed to consecutive to his sentence for the instant offenses.

Further buttressing the reasonableness of counsel's chosen strategy to pursue the agreed-upon sentence is the fact that she would have faced a steep uphill climb had she attempted to argue that Petitioner warranted a downward departure because his status as a career offender over-represents the seriousness of his criminal history and his propensity towards recidivism. Contrary to Petitioner's argument that his criminal history "is better characterized as attaining conviction for possession of small amounts of cocaine, cocaine base, and marijuana during street level transactions," (Pet.'r's Br. at 15), his criminal history is in fact rather serious and he is a repeat offender.  In short, his Pennsylvania state conviction for a controlled substance offense involved the possession of an unlicensed firearm, the West Virginia federal conviction involved possession of over 70 grams of cocaine base, and he was on supervised release when he committed the instant offense.[6]  (<u>See</u> PSR at 10-11).  Because counsel's performance was constitutionally effective, Petitioner is not entitled to relief.

## C. An Evidentiary Hearing

Petitioner argues that he is entitled to an evidentiary hearing on his motion.  28 U.S.C. § 2255(b) provides that an evidentiary hearing shall be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  "In the

---

[6] Petitioner does not dispute any of these facts, only to say that "[d]efense counsel fail[ed] to conduct an adequate investigation into the factual circumstances of priors during pre-[trial] proceeding." (Motion at 6.)  I need not discuss this argument.  <u>See</u>, <u>e.g.</u>, <u>United States v. Thomas</u>, 221 F.3d 430, 437 (3d Cir. 2000) ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court.") (citing <u>United States v. Dawson</u>, 857 F.2d 923, 928 (3d Cir. 1988)).

context of an ineffective assistance of counsel claim presented in a § 2255 petition, a district court must therefore determine whether, considering as true all 'nonfrivolous' factual claims, the petitioner 'states a colorable claim for relief' under <u>Strickland</u> []---that is, that counsel's performance was deficient and that this deficiency prejudiced the petitioner." <u>Cherys.</u>, 405 F. App'x at 591, (quoting <u>Dawson</u>, 857 F.2d. at 928.  In other words, a "[d]istrict [c]ourt's decision not to hold an evidentiary hearing will be an abuse of discretion unless it can be conclusively shown that [the petitioner] cannot make out a claim for ineffective assistance of counsel." <u>United States v. Lilly</u>, 536 F.3d 190, 195 (3d Cir. 2008).

Having considered the parties' submissions, the entire case file, and having conclusively found that counsel's performance did not fall below an objective standard of reasonableness, an evidentiary hearing is unwarranted.

## III.   CONCLUSION

For the reasons stated herein, Petitioner's § 2255 motion is denied, he is not entitled to an evidentiary hearing, and a certificate of appealability shall not issue.

An appropriate Order follows.