IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 14-282-1 |
| | : | |
| KASEEM CLARK | : | CIVIL NO. 15-4833 |
| | : | |

ORDER

AND NOW, this 27th day of February, 2017, upon consideration of the pro se "Motion for Retroactive Application of 782 Amendment Pursuant to 18 U.S.C. 3582(c)(2)" (doc. no. 33) and the "Government's Response to the Defendant's Pro Se Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782" (doc. no. 41), I find as follows:

1. On June 4, 2014, a grand jury returned an indictment charging Defendant Kaseem Clark with one count of possession with the intent to distribute cocaine, heroin, and cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); one count of possession with the intent to distribute cocaine, heroin, and cocaine base ("crack") in a school zone in violation of 21 U.S.C. § 860; one count of attempted possession with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); and one count of attempted possession with the intent to distribute cocaine in a school zone in violation of 21 U.S.C. § 860.

2. Pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) (hereafter "(C) Plea"), Defendant pled guilty to Counts II and IV.[1]  In that document, the parties agreed that the appropriate term of imprisonment was 188 months.  Though not

---

[1] The Government moved to withdraw Counts I and III at the sentencing hearing held on September 9, 2014. I granted that motion on September 15, 2014.

1

explained in the C Plea agreement, Defendant was a career offender and therefore faced an initial Guidelines range of 252-327 months' imprisonment (Offense Level 34, Criminal History Category VI) (PSR at 8-12.). Because Defendant pled guilty, the C Plea agreement took into account his early acceptance of responsibility and lowered his Offense Level to 31, making the applicable Guideline range 188-235 months. On September 9, 2014, I agreed with the parties' recommendation and imposed the agreed-upon sentence of 188 months.

3. Presently before me is Defendant's motion to reduce his sentence pursuant to 18 § 3582(c)(2). Therein, he argues that is he entitled to relief based on Amendment 782 to the United States Sentencing Guidelines, which reduced the offense levels corresponding to most drug quantities under U.S.S.G. § 2D1.1(c) by two levels.

4. For the reasons that follow, I conclude that Defendant is ineligible for a sentence reduction.

5. "A district court only has the authority to consider whether a defendant should receive a reduction in his sentence under § 3582(c)(2) when the defendant has been: (1) sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission; and when such a reduction is (2) consistent with the applicable policy statements issued by the Sentencing Commission." United States v. Weatherspoon, 696 F.3d 416, 422 (3d Cir. 2012). "[T]o be eligible for relief under 18 U.S.C. § 3582(c)(2), a defendant who agrees to a specific term of imprisonment in a (C) plea agreement must show that his agreement both identifies a Guidelines range and demonstrates a sufficient link between that range and the recommended sentence." Id. at 423 (citing Freeman v. United States, 564 U.S. 522, 537-38 (2011). "Failure to meet

either requirement is fatal to a defendant's § 3582(c)(2) motion." Id. This determination "turns solely on an examination of the four corners of the plea agreement." Id. at 422.

6. In order to be eligible for a reduction based on Amendment 782, Defendant's sentence of 188 months must be based on the Sentencing Guidelines. Defendant's (C) Plea agreement states: "The parties agree that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and that the following specific sentence is the appropriate disposition of this case: a total sentence of 188 months imprisonment." (doc. no. 16 at ¶ 2.) The (C) Plea agreement does not identify the applicable Guidelines range, the offense level, or Defendant's anticipated criminal history category. The only ranges discussed in the agreement are the statutory maximum and mandatory minimum for each offense, and I can look only to the four corners of the (C) Plea agreement. See Weatherspoon, 696 F.3d at 422.

7. Even if I were to consider whether the 188 months agreed to in Defendant's (C) Plea agreement was based on the applicable Guidelines range, see Freeman, 564 U.S. at 542-43, as explained above, the applicable Guidelines range was determined by the career offender provisions found in U.S.S.G. § 4B1.1, not the drug quantity table found in § 2D1.1. For these reasons, I conclude that the changes that Amendment 782 made to § 2D1.1 do not impact Defendant's sentence. See United States v. Rush, 645 F. App'x 166, 169 (3d Cir. 2016) ("Amendment 782, which alters the offense levels for drug crimes but does not affect the offense levels for career offenders . . . ."); United States v. Ware, 641 F. App'x 108, 111 (3d Cir. 2016) (Amendment 782 "alters the offense levels for drug crimes but does not affect the offense levels for career offenders"). As such,

Defendant is not entitled to relief in light of Amendment 782 and his motion will be denied.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's pro se "Motion for Retroactive Application of 782 Amendment Pursuant to 18 U.S.C. 3582(c)(2)" (doc. no. 33) is **DENIED**.

BY THE COURT:

_____
Mitchell S. Goldberg, J.